UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEREO SAID ORDAZ RESENDIZ, | No. 1:26-cv-05256-DJC-JDP |
| Petitioner, | |
| v. | ORDER |
| WARDEN, et al., | A# 205-907-721 |
| Respondents.[1] | |

Petitioner Nereo Said Ordaz Resendiz is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2).  The Court has previously addressed the legal issues raised in Count 1 of the Petition.  *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).[2]

---

[1] Petitioner filed a motion to substitute Petitioner's immediate custodian as Respondent in this case. (ECF No. 6.)  This motion is GRANTED.

[2] *See also Doe v. Becerra*, 787 F. Supp. 3d 1083 (E.D. Cal. 2025).

1

The Court informed the parties that it intended to rule directly on the petition. Neither party objected to the Court ruling directly on the merits of the petition. Respondents have not distinguished this case from this Court's prior orders on this issue and largely raise the same arguments this Court has previously rejected in those cases.  (*See generally* ECF No. 7.)  Though Respondents highlight that Petitioner "had been arrested multiple times while released" (ECF No. 7 at 1), Respondents solely provide Petitioner's I-213, which indicates Petitioner had "criminal arrests in 2026." (ECF No. 7-1 at 3.)  While the criminal history describe in the I-213 are concerning, with no timeframe for when arrests or convictions occurred the Court cannot conclude that Respondents were justified in failing to provide Petitioner with a pre-deprivation hearing.  *C.f. J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would materially distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.[3]

Respondents are ORDERED to immediately release Petitioner Nereo Said Ordaz Resendiz from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a

---

[3] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to serve the Central Valley Annex in McFarland, California with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **July 16, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3